```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

JAMES LEE CRAWFORD, et al.,    )
                                )
    Plaintiffs,              )
                                )   Civil Case No. 13-cv-65-JMH
v.                              )
                                )
KOHL'S DEPARTMENT STORES,       )
INC.,                           )   **MEMORANDUM OPINION & ORDER**
                                )
    Defendant.               )

                                  ***

Upon a review of the Defendant's Notice of Removal [DE 1], as well as Plaintiffs' Complaint [DE 1-1], which was originally filed in Jessamine Circuit Court, the Court calls into question its jurisdiction over this matter under 28 U.S.C. § 1332.

The district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Further, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). In this instance, the Court is concerned that jurisdiction is lacking because nowhere in the record has

Defendant come forward with competent proof to show that it is more likely than not that Plaintiffs' claims exceed $75,000

"The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Indeed, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* at 514; *see also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011). It is with this obligation in mind that the Court undertakes this inquiry at this time.

In their Complaint, Plaintiffs aver that they suffered injury due to the negligence of Defendant with respect to the condition of the premises at a store owned and operated by Defendant. Specifically, Plaintiff James Lee Crawford alleges that he tripped on a display protruding into an aisle at a store in Nicholasville, Kentucky. [DE 1, Compl. at ¶1.] He complains that he "suffered severe and permanent mental and physical injuries which have resulted in, and will continue to result in, medical expenses and pain and suffering." [*Id.* at ¶ 3.] Plaintiff Norma Crawford alleges that she has suffered "the loss of enjoyment with her husband, .. . . loss of consortium and the

normal services and assistance of her husband, James Lee Crawford" and will continue to suffer these losses in the future. [*Id.* at ¶4.] Plaintiffs seek unspecified amount of varying types of damages which "exceed the minimum jurisdictional requirements" of the Jessamine Circuit Court.

As to the amount in controversy, Defendant offers nothing more than stating that "upon information and belief, the amount in controversy exceeds $75,000.00 in damages, exclusive of interests and costs" and that because "Plaintiffs have placed no limitation on their prayer for relief . . . [,] it is apparent that the amount in controversy exceeds the minimum jurisdictional amount" for diversity jurisdiction in this Court.

It is not, however, as apparent as Defendant claims. Rather, "[i]n cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal

stated only that in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In the Notice of Removal, Defendant relies solely on the averments of Plaintiffs' Complaint in an attempt to demonstrate the requisite amount-in-controversy. This is not enough, and, unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Jessamine Circuit Court.

Accordingly and upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** on or before **April 2, 2013,** why this matter should not be remanded to Jessamine Circuit Court.

This the 12th day of March, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge